MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Po Wen Tseng, | No. CV 21-02215-PHX-MTL (ESW) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Scottsdale Police, et al., | |
| Defendants. | |

**I.     Procedural History**

On September 9, 2021, Plaintiff Po Wen Tseng, who is not in custody, filed a Complaint in the Superior Court of Maricopa County, Arizona, against the Scottsdale Police Department.  On December 2, 2021, Plaintiff filed a First Amended Complaint (Doc. 1-3 at 31-34) against the City of Scottsdale and the Scottsdale Police Department.  In December 7, 2021, Plaintiff filed a Second Amended Complaint against the City of Scottsdale.

On December 28, 2021, Defendant City of Scottsdale filed a Notice of Removal and removed the case to this Court.  That same day, the Clerk of Court mailed Plaintiff a Notice of Assignment and a Notice to Pro-Se Non-Prisoner Parties Representing Themselves.  The mail from the Clerk of Court was returned as undeliverable.

On January 4, 2022, Defendant City of Scottsdale filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 4) and a Motion for Leave to File Non-Paper Exhibits in Support (Doc. 5).  On January 28, 2022, Defendant

filed a "Reply," noting that Plaintiff had received the Motion to Dismiss but had not responded to it or sought an extension of time.

## II.  Removal

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a).  In his Second Amended Complaint, Plaintiff alleges, among other things, a violation of his Fourth Amendment rights.  This Court's jurisdiction extends to such claims. *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Notice of Removal was filed within 30 days of Defendant City of Scottsdale being served.  It therefore appears this case was timely and properly removed.

## III.  Failure to Prosecute

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Second Amended Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court will deny as moot the Motion to Dismiss and Motion for Leave to File.

**IT IS ORDERED**:

(1) Plaintiff's Second Amended Complaint (Doc. 1-3 at 31-34) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

(2) Defendant's Motion to Dismiss (Doc. 4) and Motion for Leave to File (Doc. 5) are **denied as moot**.

Dated this 14th day of February, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge